PER CURIAM.
This is an appeal from a final judgment in a suit to quiet title and partition between adjudged owners.
In the final judgment the trial court found and so held that the appellees, named as plaintiffs in the trial court, and one Bertha W. Deeland, named as one of the defendants in the trial court, were the sole owners of the property involved, to the exclusion of the named defendants below, except Bertha W. Deeland, as well as all unknown claimants.
The trial court also found, inter alia, that the lands constituting the subject matter of this suit were not divisible in kind without great prejudice to the owners. Therefore, it was ordered that the same be sold at public sale, and the manner of sale and disbursement of the proceeds of sale, including the pro rata share as fixed for each adjudged owner, was directed.
Motion for a new trial was filed, based primarily upon an attack on the service of process by publication. We think the trial court correctly denied this motion.
We have carefully reviewed the record and briefs, and given due consideration to the respective arguments, and we are of 1 the opinion, and so hold, that the trial court, as a trier of the facts, was in a bet *519 ter position to determine the true facts than we could from the cold record. The fact that there might always appear on the horizon some interested claimant claiming from a one hundred year since deceased title holder, who was not known at the time of filing a complaint, does not render void or voidable process by publication if made pursuant to statute, as was done here.
In this case, we find that the appellants have failed to demonstrate reversible error and the judgment is therefore
Affirmed.
RAWLS, Acting C. J., JOHNSON, J., and NESBITT, JOSEPH, Associate Judge, concur.